IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: ~~12-0974-DCN~~ 3:13-cr-00092-DCN |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| RICHARD ZAHN | ) | |
| | ) | |

### General Provisions

This PLEA AGREEMENT is made this 7th day of February, 2013, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Mark C. Moore; the Defendant, RICHARD ZAHN, and Defendant's Attorney, Andrew Savage, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to a plead guilty to an Information to be filed charging him with conspiring to commit offenses against the United States, said offenses being honest services wire fraud (Title 18, United States Code, Sections 1343 and 1346) and attempted bribery of an agent of an organization receiving in excess of $10,000 in federal funds (Title 18, United States Code, Section 666), all in violation of Title 18, United States Code, Section 371. The defendant further agrees to waive indictment and arraignment with respect to this charge.

   In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

   (A) The conspiracy was knowingly and wilfully formed and was in existence on or about the dates set forth in the Information;

    (B)    The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and

    (C)    The defendant and/or one of his co-conspirators committed at least one overt act in furtherance of the conspiracy.

**Possible Penalties**

A maximum term of five years, a maximum fine of $250,000.00 a term of supervised release of 3 years and a $100.00 special assessment

2.    The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)    <u>Fines:</u> The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine. The Defendant and the United States agree that if the Court deems it appropriate, in lieu of a fine paid to the United States, the Defendant will

        make a contribution to a scholarship the for the benefit of students attending South Carolina State University in an amount equal to the fine that the Court deems appropriate.

    (B)    <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    (C)    <u>Restitution:</u> The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the government in identifying all victims.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees that it will not file other charges in the District of South Carolina which arise out of the same set of facts or constitute part of a common scheme or plan as the offense charged in the Information. The Defendant understands that the Court may consider such offenses as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the

Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant understands that the obligations of the Government within the Plea

-4-

    Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7.  In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

8.  The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant

understands that:

    (A)    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    (B)    all additional charges known to the Government may be filed in the appropriate district;

    (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    (D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

9. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

10. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    (A)    known to the Government prior to the date of this Agreement;

      (B)    concerning the existence of prior convictions and sentences;

      (C)    in a prosecution for perjury or giving a false statement; or

      (D)    in the event the Defendant breaches any of the terms of the Plea Agreement.

11.    Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure and/or reduction of sentence pursuant to USSG 5K1.1, Title 18, United States Code, § 3553(e) and/or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

12.    The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to the forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure

of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States. The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to effectuate such transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

## Merger and Other Provisions

13.  The parties agree that if the Defendant readily demonstrates acceptance of responsibility by pleading guilty, abiding by **all** terms of this agreement and by not falsely denying or frivolously contesting otherwise provable relevant conduct, , that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

14.  The Defendant represents to the court that he has met with his attorney on a sufficient

number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

15. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives his right of direct appeal and further waives the right to contest either the conviction or the sentence in any post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver with respect to rights to lodge a collateral attack does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its

comments in or responses to any post-sentencing matters.

16. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. The parties agree that if the Defendant complies with ALL the terms of this Agreement, the appropriate sentence in this case is a sentence of 3 years probation subject to terms and conditions as may be imposed by the Court. The parties agree that, assuming the Defendant complies with this agreement, that they will advocate for this particular sentence, agree that they will not request any other sentence agree that any other sentence would be objectively unreasonable under 18 U.S.C. 3553(a) given the facts of this case and, again, assuming full compliance with the plea agreement. The United States is also authorized to represent that the United States Attorney's Offices for the Northern District of Georgia and the Middle District of Florida have agree that the Defendant will not be prosecuted for any crimes arising out of the same facts and circumstances as those giving rise to this plea so long as the Defendant complies with ALL the terms of this Agreement.

18. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this

Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

*1-14-2013*
DATE

RICHARD ZAHN , Defendant

*1/31/2013*
DATE

Andrew Savage, Esquire
Attorney for the Defendant

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

*2.7.2013*
DATE

BY: *Nancy C. Wicker for*
Mark Moore
Assistant U. S. Attorney

-11-